IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BOYCE,

        Plaintiff,                      No. CIV S-08-1794 JAM DAD PS

    vs.

JOHN E. POTTER, Postmaster
General, et al.,                      <u>ORDER</u>

        Defendants.
_____/

        This matter came before the court on January 23, 2009 for hearing of defendants' motion to dismiss claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court also heard defendants' motion to strike the statement attached to plaintiff's opposition to the motion to dismiss. Plaintiff, proceeding pro se, appeared on his own behalf. Todd A. Pickles, Esq., appeared for defendants John E. Potter and the United States Postal Service.

        Upon consideration of the parties' briefing, their arguments at the hearing, and the entire file, the court granted defendants' motions for the reasons stated in open court. In light of the statement of facts attached to plaintiff's opposition, as well as plaintiff's indication that he may be able to allege facts that support some of his claims, the court dismissed plaintiff's complaint with leave to amend.

/////

1    In an employment discrimination case brought by a federal employee pursuant to
2    Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant."
3    42 U.S.C. § 2000e-16(c). See Vinieratos v. U.S. Dep't of Air Force, 939 F.2d 762, 772 (9th Cir.
4    1991) ("Title VII requires that in a civil action alleging employment discrimination by the
5    government, 'the head of the department, agency, or unit, as appropriate, shall be the
6    defendant.'"). Accordingly, plaintiff's amended complaint shall not name the United States
7    Postal Service as a defendant.
8    With regard to plaintiff's claims against defendant Potter, the court suggested that
9    plaintiff give careful consideration to defendants' arguments regarding the allegations necessary
10   to state a claim for relief. Vague and conclusory allegations do not state a claim for relief and do
11   not constitute the short and plain statement required by Federal Rule of Civil Procedure 8(a)(2).
12   Although the Federal Rules adopt a flexible pleading policy, every complaint must give the
13   defendant fair notice of the plaintiff's claims. The factual allegations supporting plaintiff's
14   claims must be succinct yet sufficient to demonstrate that the actions complained of resulted in
15   the violation of one or more federal rights. Exhibits should not be attached to the complaint as a
16   substitute for factual allegations or as mere evidence.
17   Plaintiff is informed that his amended complaint will supersede the complaint that
18   has been dismissed. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Pursuant to Local Rule
19   15-220, the amended complaint must be complete in itself without reference to the prior
20   pleading. The court cannot refer to the original complaint to make the amended complaint
21   complete.
22   IT IS ORDERED that:
23   1. Defendants' November 21, 2008 motion to dismiss (Doc. No. 8) is granted
24   with leave to amend;
25   2. Defendants' January 20, 2009 motion to strike (Doc. No. 13) is granted and the
26   statement attached to plaintiff's opposition brief (Doc. No. 14) is deemed stricken;

3. Plaintiff's amended complaint shall be served on defendants' counsel and filed with the court on or before February 20, 2009; the pleading shall be titled "Amended Complaint" and shall not name the United States Postal Service as a defendant; and

4. Defendants' response to the amended complaint shall be filed and served within twenty days after service of the amended complaint.

DATED: January 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\boyce1794.ord.grmtd.lta