IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BOYCE,

        Plaintiff,                      No. CIV S-08-1794 JAM DAD PS

        v.

JOHN E POTTER,
POSTMASTER GENERAL

        Defendant.
_____/

**STATUS (PRETRIAL SCHEDULING) ORDER**

        READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

        Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on June 26, 2009, at 11:00 a.m. Plaintiff Michael Boyce, who is proceeding pro se, appeared on his own behalf. Assistant United States Attorney Todd A. Pickles appeared for defendant John E, Potter.

1

After hearing, the court makes the following findings and orders:

## SERVICE OF PROCESS

Service of process on the sole defendant has been completed.  No further service is permitted except with leave of court, good cause having been shown.

## JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

## JURISDICTION/VENUE

Jurisdiction over plaintiff's claims is predicated upon 42 U.S.C. § 2000e (Title VII) and 29 U.S.C. §§ 701, et seq. (Rehabilitation Act).   Defendant disputes jurisdiction based upon defendant's claim that plaintiff failed to administratively exhaust the claims set forth in his amended complaint.  Venue is not disputed and is hereby found to be proper.

## MOTION HEARING SCHEDULES

All law and motion, except as to discovery, which is discussed below, shall be conducted so as to be completed by **August 13, 2010**.  The word "completed" in this context means that all law and motion matters must be **heard** on or before the above date.  Because this date is not necessarily a date that will be set aside for law and motion hearings, it is incumbent upon counsel and parties proceeding pro se to contact this court's courtroom deputy, Pete Buzo, at (916) 930-4128 sufficiently in advance so as to ascertain dates upon which law and motion will be heard and to properly notice motions for hearing on or before the specified date.  This paragraph does not preclude the filing of motions for continuances, motions for temporary restraining orders, and other emergency applications that are subject to special scheduling.

The parties are cautioned to refer to Local Rule 78-230 regarding the requirements for noticing non-discovery motions on this court's regularly scheduled law and motion calendar. **Opposition or statement of non-opposition to all properly noticed motions shall be filed and**

**served not later than 4:30 p.m. fourteen (14) days preceding the hearing date except that opposition served by mail must be served no less than seventeen (17) days preceding the hearing date.**

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties must identify and fully research the issues presented by the case and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel or a party proceeding pro se after examining the legal issues and the facts that an issue can be resolved by pretrial motion, counsel or the pro se party shall file an appropriate motion within the time set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel and parties proceeding pro se are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. Counsel and parties proceeding pro se are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial. Counsel and parties proceeding pro se are further cautioned that if any legal issue that should have been tendered to the court by pretrial motion must be resolved by the court after law and motion cutoff, substantial sanctions may be levied against the attorney or the party proceeding pro se who failed to timely file an appropriate motion.

**DISCOVERY**

Within thirty (30) days after the issuance of this order, the parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1), if they have not already done so.

All non-expert discovery shall be conducted so as to be completed by **February 26, 2010**. The word "completed" in this context means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall

have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

All discovery motions must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.  See Local Rule 37-251.

Plaintiff shall designate in writing and file with the court and serve upon defendant the names of any experts that he proposes to tender at trial not later than **March 26, 2010**.  Defendant shall designate in writing and file with the court and serve upon all other parties the names of any experts that they propose to tender at trial not later than **April 16, 2010**.  All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  An expert witness not listed in the party's designation of witnesses will not be permitted to testify unless the party offering the witness demonstrates that:  (a) the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.  All expert discovery shall be conducted so as to be completed by **June 18, 2010**.

**FINAL PRETRIAL CONFERENCE**

Final Pretrial Conference is **SET** for **October 22, 2010**, at **2:00 p.m.**, before the Honorable John A. Mendez.  The parties are cautioned that any counsel appearing for Final Pretrial Conference shall in fact try the matter.

Counsel and parties proceeding pro se are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

Counsel and parties proceeding pro se are referred to Local Rules 40-280 and 16-281 relating to the contents of and time for filing Pretrial Statements.  In addition to all subjects

listed in Local Rule 16-281(b), the parties shall include in their pretrial statements a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

    Plaintiff and defendant shall each file a separate Pretrial Statement in accordance with the provisions of Local Rule 16-281(a)(1).  Additionally, the parties shall prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u> Local Rule 16-281(b)(3), (4), and (6).  In the joint statement, the undisputed facts and disputed factual issues are to be set forth in two separate sections.  In each section, the parties should identify first the general facts relevant to all causes of action.  After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any party and explain by parenthetical the controversy concerning each issue.  In general, each fact should relate or correspond to an element of the relevant cause of action.  Notwithstanding the provisions of Local Rule 16-281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.

    Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide with their separate Pretrial Statements a list of witnesses and a list of exhibits that they propose to proffer at trial for any purpose.  These lists shall <u>not</u> be contained in the party's Pretrial Statement itself but shall be attached as separate documents.  Plaintiff's exhibits shall be listed **numerically**.  Defendant's exhibits shall be listed **alphabetically**.  In the event that the alphabet is exhausted, defendant's additional exhibits shall be marked "2A-2Z, 3A-3Z," etc.  The court's Pretrial Order will contain a stringent standard for the proffering at trial of witnesses and exhibits not listed in the Pretrial Order.  Counsel and parties proceeding pro se are cautioned that the

standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which the party does not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 16-281(b)(12), each party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim whether federal or state law governs, and, if state law, the state whose law is applicable.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Final Pretrial Conference to aid the court in (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Each party must prepare its Pretrial Statement, and participate in good faith at the Final Pretrial Conference, with these aims in mind. FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which may include monetary sanctions, orders precluding proof, the elimination of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

A Court Trial is **SET** for **December 13, 2010**, at **9:00 a.m.** before the Honorable John A. Mendez.

**SETTLEMENT CONFERENCE**

At the time of the Final Pretrial Conference, a Settlement Conference may be scheduled before the assigned magistrate judge if the parties agree to the assigned magistrate

judge acting as settlement judge in this matter. If a Settlement Conference is set before the undersigned, each party must promptly execute and file a form waiving disqualification of the assigned magistrate judge to act as settlement judge. Counsel must have a principal capable of disposition present at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

## MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.** The parties are cautioned that changes to any of the scheduled dates may necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court may deny a request to change the discovery cutoff date without modifying the pretrial conference and trial dates. Any request for modification of the pretrial conference date or the trial date must be submitted to the assigned district judge. **Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED: August 6, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.prose/boyce1794.sched.ord